JS 44 (Rev. 10/20)
# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Rochelle Reilly

**DEFENDANTS**

MSB Resources, LLC

**(b)** County of Residence of First Listed Plaintiff  Bucks County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Montogmery County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel S. Orlow, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &   Pharmaceutical Slander   Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   ☐ 368 Asbestos Personal ☐ 340 Marine   Injury Product ☐ 345 Marine Product   Liability | | ☐ 835 Patent - Abbreviated New Drug Application ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability   **PERSONAL PROPERTY** ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury   ☐ 385 Property Damage ☐ 362 Personal Injury -   Product Liability Medical Malpractice | ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | Exchange ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | Income Security Act | **FEDERAL TAX SUITS** | Act |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment   ☐ 510 Motions to Vacate | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | 26 USC 7609 | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty Employment   **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other Other   ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education   ☐ 555 Prison Condition ☐ 560 Civil Detainee -   Conditions of   Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |  ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §623, et seq.; 43 P.S. §951, et seq.

Brief description of cause:
Plaintiff was discriminated against because of her age.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
5/29/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Dresher, Pennsylvania _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Rochelle Reilly | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MSB Resources, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)


| | | |
|---|---|---|
| 05/29/2026 | | Plaintiff, Rochelle Reilly |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 405-2900 | orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROCHELLE REILLY | CIVIL ACTION NO.: |
| *Plaintiff*, | |
| v. | |
| MSB RESOURCES, LLC | JURY TRIAL DEMANDED |
| *Defendant*. | |

**CIVIL ACTION COMPLAINT**

I.    **INTRODUCTION**

Plaintiff, Rochelle Reilly, brings this action against her former employer, MSB Resources, LLC ("Defendant"), for discriminating against her based upon her age (62 at the time of termination). Plaintiff was the oldest employee reporting to her supervisor and had worked for Defendant for over sixteen years as a consistently high-performing Senior Recruitment Specialist.

Defendant's unlawful conduct includes subjecting Plaintiff to a hostile work environment based on her age, holding her to a higher and stricter standard than younger employees, unjustly criticizing her performance despite years of exemplary work, reducing her compensation without justification, and ultimately terminating her employment, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

Plaintiff seeks damages, including economic loss, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

II.    **PARTIES**

1.    Plaintiff, Rochelle Reilly, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.    Plaintiff resides in Levittown, Bucks County, Pennsylvania.

3.    Plaintiff is currently sixty-four (64) years of age.

4.    When Plaintiff's employment was terminated by Defendant on November 21, 2024, Plaintiff was sixty-two (62) years of age.

5.    At all relevant times, Plaintiff was employed by Defendant as a Senior Recruitment Specialist.

6.    Defendant MSB Resources, LLC is a limited liability company incorporated in the Commonwealth of Pennsylvania.

7.    Defendant is engaged in an industry affecting interstate commerce and regularly does business in Pennsylvania.

8.    Defendant maintains its principal place of business at 1425 Candlebrook Drive, Dresher, Pennsylvania 19025.

9.    Defendant is engaged in the business of providing recruitment and staffing services for property management, construction, development, and real estate companies.

10.    Defendant maintains and operates business offices within the Eastern District of Pennsylvania judicial district.

11.    At all relevant times, Defendant employed more than twenty (20) individuals within the meaning of the statutes that form the basis of this matter.

12.    At all relevant times, Plaintiff worked remotely from her home in Levittown, Pennsylvania, within Defendant's business operations.

2

13.     At all relevant times, Defendant acted by and through its authorized agents, servants, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

14.     At all relevant times, Defendant acted as an employer within the meaning of the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act.

15.     At all relevant times, Plaintiff was an employee of Defendant within the meaning of the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act.

## III.   JURISDICTION AND VENUE

16.     The causes of action which form the basis of this matter arise under the ADEA and the PHRA.

17.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

18.     The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

19.     Venue is proper in the District Court under 28 U.S.C. §1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

20.     On or about December 12, 2024, Plaintiff filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") complaining of the acts of discrimination alleged herein. The Charge of Discrimination was cross-filed with the Equal Employment Opportunity Commission ("EEOC") for the purpose of dual filing. Attached hereto and incorporated herein and marked as Exhibit "1" is a true and correct copy of the Charge of Discrimination (with personal identifying information redacted).

3

21. On or about March 11, 2026, the EEOC issued to Plaintiff a Notice of Right to Sue for Plaintiff's EEOC Charge. Attached hereto and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

22. Plaintiff filed this Complaint within ninety (90) days of receipt of the EEOC Notice of Right to Sue.

23. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

24. Plaintiff was hired by Defendant on or about October 27, 2008.

25. Plaintiff was born on December 8, 1961.

26. Plaintiff consistently performed her job duties in a highly competent manner and received positive feedback.

27. Plaintiff last held the position of Senior Recruitment Specialist.

28. Plaintiff was promoted to Senior Recruitment Specialist in or around 2019.

29. Plaintiff last reported to Evan Schlesinger (41)[1], Vice President.

30. Schlesinger reported to Brad Schwartz (58), President.

31. Schlesinger had no role in Plaintiff being hired by Defendant.

32. Before reporting to Schlesinger, Plaintiff reported directly to Schwartz.

33. In December 2023, Plaintiff began directly reporting to Schlesinger.

34. Plaintiff was the oldest employee directly reporting to Schlesinger.

35. Throughout Plaintiff's employment with Defendant, Plaintiff generated substantial revenue for the company.

---

[1] All ages being referenced herein are approximations.

4

36.     In 2018, Plaintiff generated approximately $206,000 in new revenue for Defendant.

37.     In 2019, Plaintiff generated approximately $406,000 in new revenue for Defendant.

38.     In 2020, Plaintiff generated approximately $638,000 in new revenue for Defendant.

39.     In 2020, Defendant began presenting awards at year-end meetings to recognize top performers.

40.     In 2020, Plaintiff earned the Platinum Award for generating over $425,000 in revenue and having the highest number of placements.

41.     In 2021, Plaintiff generated approximately $503,000 in new revenue for Defendant.

42.     In 2021, Plaintiff earned the Diamond Award for having the highest number of placements.

43.     In 2022, Plaintiff generated approximately $746,000 in new revenue for Defendant.

44.     In 2022, Plaintiff earned both the Diamond Award and the Most Consistent Award for having the highest number of placements.

45.     In 2023, Plaintiff generated approximately $509,800 in new revenue for Defendant.

46.     In 2023, Plaintiff earned the Platinum Award for having the second highest number of placements.

47.    Before reporting to Schlesinger, Plaintiff had no performance or disciplinary issues.

48.    Before reporting to Schlesinger, Plaintiff had no indication that her job was in jeopardy.

49.    By way of example outline herein, Plaintiff was treated differently and worse, and in a more hostile and dismissive manner, than younger employees were treated.

50.    Plaintiff's performance was unjustly criticized.

51.    Plaintiff was assigned lower paying positions than younger employees were assigned.

52.    Plaintiff was assigned positions that were historically more difficult to fill.

53.    Plaintiff was held to a higher and stricter standard than younger employees were held.

54.    Schlesinger referred to Plaintiff as a "time suck" that had to be "micromanaged."

55.    Schlesinger falsely accused Plaintiff of not caring about the business goals that he and Plaintiff had discussed.

56.    Schlesinger commented that Plaintiff should look for a job elsewhere.

57.    Schwartz and Schlesinger commented that things were changing, that Defendant was going in a different direction, and that Plaintiff needed to change or find another job.

58.    On April 9, 2024, in a meeting with Schlesinger, Schwartz, and Cathy Barrios (53), Vice President of Operations, Defendant placed Plaintiff on a Performance Improvement Plan ("PIP").

59.    The PIP was scheduled to last one month.

6

60. Schlesinger, Schwartz, and Barrios made false statements and misrepresentations about Plaintiff's performance and her work, which Plaintiff rebutted.

61. On May 17, 2024, in a meeting with Schlesinger, Schwartz, and Barrios, Defendant issued Plaintiff an updated PIP with additional requirements.

62. On July 29, 2024, in a meeting with Schlesinger, Schwartz, and Barrios, Defendant reduced Plaintiff's compensation.

63. The stated reason for the reduction in compensation was that Plaintiff had not met the PIP requirements.

64. In or about September 2024, Defendant hired Ryan Wipplinger (39), Recruitment Consultant, reporting to Schlesinger.

65. On October 4, 2024, in an email from Schlesinger, copying Schwartz and Barrios, Defendant issued Plaintiff an updated PIP with additional requirements, dated September 3, 2024.

66. The PIP was scheduled to last until November 15, 2024.

67. The updated PIP required Plaintiff to achieve two placements per month.

68. On October 15, 2024, in a meeting with Schlesinger, Schwartz, and Barrios, Plaintiff presented documents and information regarding the work she was doing and the success she was having against the written requirements of the PIP.

69. Plaintiff asked when she could expect to receive higher paying positions, which would help her meet the PIP requirements.

70. Schwartz stated that they would look into it.

71. Plaintiff did not receive higher paying positions, which would have helped her meet the PIP requirements.

72. In November 2024, Plaintiff was not assigned any new positions, despite her requests for the same, which made achieving the PIP requirements unfeasible.

73. On November 21, 2024, in a meeting with Schlesinger, Schwartz, and Barrios, Defendant terminated Plaintiff's employment, effective immediately.

74. Defendant's stated reason for termination was that it had been "too many years" that Plaintiff had been employed at Defendant and that Plaintiff was not what Defendant needed to move the company forward in its new direction.

75. At the time of Plaintiff's termination, the following employees reported to Schlesinger: Alyssa Smith (29), Recruitment Consultant; Ashley Leonard-Kahriman (31), Recruitment Consultant; Ashley Powers (32), Recruitment Consultant; Diana Barrett-Nisonger (33), Recruitment Consultant; Kelsey Arnall (34), Senior Recruitment Specialist; Tricia Hitt (35), Senior Recruitment Specialist; Aimee Long (37), Senior Recruitment Specialist; Ryan Wipplinger (39), Recruitment Consultant; and Jennifer Branscome (49), Senior Recruitment Specialist.

76. Plaintiff had no opportunity to remain employed with Defendant.

77. The discriminatory conduct of Defendant as alleged herein was sufficiently severe and/or pervasive to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

78. Plaintiff's age was a substantial, determinative, and or motivating factor in Defendant's discriminatory treatment of Plaintiff, including: subjecting her to an age-based hostile work environment; placing her on a PIP and extending the same; reducing her compensation; and terminating her employment.

79. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I - ADEA

80. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

81. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

82. As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has suffered lost earnings, lost earning capacity, lost benefits, pain and suffering, emotional distress, humiliation, and loss of life's pleasures, and has incurred attorneys' fees and costs.

83. Said violations were willful and warrant the imposition of liquidated damages.

84. Plaintiff is now suffering and will continue to suffer irreparable injury unless this Court grants the relief requested herein.

85. No previous application has been made for the relief requested herein.

## COUNT II - PHRA

86. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

87. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the PHRA.

88.     As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered lost earnings, lost earning capacity, lost benefits, emotional distress, humiliation, and other compensatory damages.

89.     Plaintiff is now suffering and will continue to suffer irreparable injury unless this Court grants the relief requested herein.

90.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

a.     declaring the acts and practices complained of herein to be a violation of the ADEA;

b.     declaring the acts and practices complained of herein to be a violation of the PHRA;

c.     entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

d.     enjoining and restraining permanently the violations alleged herein;

e.     awarding back pay and front pay to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory and unlawful conduct;

f.     awarding compensatory damages to Plaintiff for past and future emotional distress, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

g.     awarding liquidated damages to Plaintiff under the ADEA;

10

h.    awarding punitive damages to Plaintiff to the extent permitted under applicable law;

i.    awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA;

j.    awarding Plaintiff costs of this action, together with reasonable attorney's fees; and

k.    granting such other and further relief as this Court deems just and proper, including equitable and injunctive relief.

**CONSOLE MATTIACCI LAW, LLC**

By:

*/s/ Daniel S. Orlow*
DANIEL S. ORLOW, ESQ.
1525 Locust St., 9th Floor
Philadelphia, PA 19102
Phone: (215) 545-7676
orlow@consolelaw.com

*Attorney for Plaintiff*

Dated: May 29, 2026

11

# Exhibit 1

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**COMPLAINT**

COMPLAINANT:                                    :

**ROCHELLE REILLY**                             :          Docket No.

v.                                              :

RESPONDENTS:                                    :

**MSB RESOURCES, LLC**                          :

and                                             :

**MSB RESOURCES**                               :

1. The Complainant herein is:

   Name:                    Rochelle Reilly

   Address:                 <span style="background-color:black; color:red;">redacted</span>
                            Levittown, PA 19055

2. The Respondents herein are:

   Names:                   MSB Resources, LLC; MSB Resources

   Address:                 1425 Candlebrook Drive
                            Dresher PA 19025

3. I, Rochelle Reilly, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (63) as set forth below.

**Discrimination and Retaliation**

   A. I specifically allege:

   [1]          I was hired by Respondents on October 27, 2008.

[2]    My birth date is December 8, 1961.

[3]    I consistently performed my job duties in a highly competent manner, and received positive feedback.

[4]    I last held the position of Senior Recruitment Specialist.

[5]    I last reported to Evan Schlesinger (41[1]), Vice President. Schlesinger reported to Brad Schwartz (58), President.

[6]    Schlesinger had no role in my being hired at Respondents.

[7]    Before reporting to Schlesinger, I reported directly to Schwartz.

[8]    In December 2023, I began directly reporting to Schlesinger.

[9]    I was the oldest employee directly reporting to Schlesinger.

[10]    I was treated differently and worse, and in a more hostile and dismissive manner, than younger employees were treated.

[11]    My performance was unjustly criticized.

[12]    I was assigned lower paying positions than younger employees were assigned.

[13]    Higher paying positions were assigned to younger employees.

[14]    I was held to a higher and/or stricter standard than younger employees were held.

[15]    I was ignored.

[16]    I was circumvented.

[17]    I was undermined.

[18]    I was spoken to in a condescending manner.

[19]    Schlesinger commented that I should look for a job elsewhere.

---

[1] All ages herein are approximations.

[20]     Schwartz and Schlesinger commented that things were changing, Respondents were going in a different direction, and I needed to change or find another job. I understood these comments to be age biased.

[21]     On April 9, 2024, in a meeting with Schlesinger, Schwartz, and Cathy Barrios (53), Vice President of Operations, Respondents placed me on a Performance Improvement Plan ("PIP"). My performance did not warrant a PIP. The PIP was scheduled to last one (1) month. Schlesinger, Schwartz, and Barrios made false statements and misrepresentations about my performance and my work, which I rebutted.

[22]     Respondents placed me on a PIP because of my age.

[23]     On May 17, 2024, in a meeting with Schlesinger, Schwartz, and Barrios, Respondents issued me an updated PIP with additional requirements.

[24]     Respondents placed me on an extended PIP because of my age.

[25]     On July 29, 2024, in a meeting with Schlesinger, Schwartz, and Barrios, Respondents reduced my compensation. My performance did not warrant a reduction in compensation. The stated reason was that I had not met the PIP requirements.

[26]     Respondents did not reduce the compensation of younger employees.

[27]     Respondents reduced my compensation because of my age.

[28]     In or about September 2024, Respondents hired Ryan Wipplinger (39), Recruitment Consultant, reporting to Schlesinger.

[29]     On October 4, 2024, in an email from Schlesinger, copying Schwartz and Barrios, Respondents issued me an updated PIP with additional requirements, dated September 3, 2024. My performance did not warrant a PIP. The PIP was scheduled to last until November 15, 2024.

[30]    Respondents placed me on an extended PIP because of my age.

[31]    On October 15, 2024, in a meeting with Schlesinger, Schwartz, and Barrios, I presented documents and information regarding the work I was doing and the success I was having. I asked when I could expect to receive higher paying positions, which would help me meet the PIP requirements. Schwartz stated that they would look into it.

[32]    I did not receive higher paying positions, which would have helped me meet the PIP requirements.

[33]    In November 2024, I was not assigned any new positions, despite my requests for the same, which made achieving the PIP requirements unfeasible.

[34]    On November 21, 2024, in a meeting with Schlesinger, Schwartz, and Barrios, Respondents terminated my employment, effective immediately. The stated reason was that it had been "too many years" that I had been employed at Respondents and that I was not what Respondents needed to move the company forward in its new direction. I understood these comments to be age biased.

[35]    I made more placements than younger employees who were retained when I was terminated.

[36]    At the time of my termination, the following employees reported to Schlesinger. I was more qualified for these employees' positions.

a) Alyssa Smith (29), Recruitment Consultant;

b) Ashley Leonard-Kahriman (31), Recruitment Consultant;

c) Ashley Powers (32), Recruitment Consultant;

d) Diana Barrett-Nisonger (33), Recruitment Consultant;

e) Kelsey Arnall (34), Senior Recruitment Specialist;

f) Tricia Hitt (35), Senior Recruitment Specialist,

g) Aimee Long (37), Senior Recruitment Specialist;

h) Ryan Wipplinger (39), Recruitment Consultant;

i) Jennifer Branscome (49), Senior Recruitment Specialist;

[37]    Respondents retained younger employees who had less service time than me in positions for which I was more qualified when I was terminated.

[38]    Respondents terminated my employment because of my age.

[39]    Respondents subjected me to a hostile work environment because of my age.

[40]    Respondents compensated younger employees more than me.

[41]    Respondents assigned my job duties and responsibilities to substantially younger employees. I was more qualified to perform my job duties and responsibilities than the substantially younger employees to whom Respondents assigned my job duties and responsibilities.

[42]    Before reporting to Schlesinger, I had no performance or disciplinary issues.

[43]    Before reporting to Schlesinger, I had no indication my job was in jeopardy.

[44]    I had no opportunity to remain employed with Respondents.

[45]    Respondents' age discriminatory conduct has caused me emotional distress.

[46]    Respondents' conduct and comments evidence a bias against older employees.

B. Respondents have discriminated against me because of my age (63), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623, *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

   __X__    **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):  __(a)__**

   ____    Section 5.1 Subsection(s) _____

   ____    Section 5.2 Subsection(s) _____

   ____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

   __X__    **This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant seeks that Respondents be required to:

   (a) Make the Complainant whole.

   (b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

   (c) Remedy the discriminatory effect of past practice(s) and procedure(s).

   (d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

   (e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

12/12/2024
(Date Signed)

(Signature) Rochelle Reilly
redacted
Levittown, PA 19055

# Exhibit 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website:  www.eeoc.gov

## <u>NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)</u>

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 3/11/2026

**To:**   Rochelle Reilly
<span style="background:black;color:red">redacted</span>
Levittown, PA 19055

Charge No:  17F-2025-60217
EEOC Representative and email:     State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By:  Karen McDonough  3/11/2026

Karen McDonough
Deputy District Director

cc:        For Respondent                                    For Charging Party

Brad Schwartz                                    Emily R. Derstine Friesen, Esq.
President                                        Console Mattiacci Law, LLC
MSB Resources, LLC                               1525 Locust Street, 9th Floor
1425 Candlebrook Drive                           Philadelphia, PA 19102
Dresher, PA 19025

Please retain this notice for your records.